IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAULETTE MYERS JAMES, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 3:18-CV-356 |
| ) | |
| SASE COMPANY, LLC, ) | **JURY DEMAND** |
| ) | |
| **Defendant.** ) | |

## ANSWER

Defendant SASE Intermediate Holdings, Inc. ("Defendant"), misidentified in the case heading as SASE Company, LLC, hereby answers the numbered paragraphs of the Complaint filed by Plaintiff Paulette Myers James ("Plaintiff") as follows:

### I. NATURE OF THE CASE

1. Plaintiff's characterization of the purpose of her cause of action requires no response from Defendant. Defendant denies that it has breached any duties arising under federal or state law or that it is liable to Plaintiff in any way.

### II. JURISDICTION AND VENUE

2. It is admitted that this Court has jurisdiction over these claims.

3. It is admitted that the Eastern District of Tennessee is the proper venue for this action.

### III. PARTIES

4. The allegations contained in Paragraph 4 of the Complaint are admitted upon information and belief.

5. Regarding the allegations found in Paragraph 5, Defendant admits only that it operates a

concrete preparation and polishing equipment business, and that it is registered to do business in Tennessee, and has an operations center in Rockford, Tennessee. The remaining allegations in Paragraph 5 are denied. SASE was sold in 2017 and is no longer a limited liability company.

6. The statement in Paragraph 6 does not contain factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendant denies them.

7. The statement in Paragraph 7 does not contain factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendant denies them.

8. The statement in Paragraph 8 does not contain factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendant denies them.

9. The allegations found in Paragraph 9 are admitted.

### IV. CONDITIONS PRECEDENT

10. Regarding the allegations found in Paragraph 10, Defendant does not have sufficient knowledge as to when Plaintiff may have filed her charge, as Defendant was not notified when Ms. Myers James filed a charge with the EEOC. Further, Defendant can neither admit nor deny whether the charge was timely filed.

11. The allegations found in Paragraph 11 are admitted.

12. Regarding the allegations found in Paragraph 12, Defendant is without knowledge, information or belief as to when Plaintiff received a notice of right to file a lawsuit and therefore denies same. Further, Defendant is without knowledge, information, or belief

concerning whether Plaintiff has met all of the conditions precedent for filing her lawsuit and therefore denies same.

## V. FACTUAL ALLEGATIONS

13. Regarding the allegations contained in Paragraph 13, Defendant admits only that Plaintiff worked as an Accounts Payable Associate for Defendant from 2010 to 2018. Defendant denies Plaintiff's characterization of Plaintiff's duties.

14. Regarding the allegations contained in Paragraph 14, Defendant admits that Plaintiff worked in the position of Accounts Payable for eight years prior to her termination. Defendant denies the remaining allegations contained in Paragraph 14.

15. The allegations contained in Paragraph 15 are admitted.

16. Defendant denies the allegations contained in Paragraph 16.

17. Answering the first sentence of the allegations contained in Paragraph 17, Defendant admits that Plaintiff was paid on a salary basis and was not required to keep track of her hours, but denies that Plaintiff worked over 40 hours a week or was entitled to overtime payment. With regard to the second sentence, Defendant admits Plaintiff was paid $1,575 twice monthly, but denies the characterization of her paycheck.

18. The allegations contained in the first sentence in Paragraph 18 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendant denies them. With regard to the allegations contained in the second sentence, Defendant denies them.

19. The allegations contained in Paragraph 19 are not factual allegations, but rather are arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendant denies them.

20. The allegations contained in Paragraph 20 are not factual allegations, but rather are arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendant denies them.

21. Defendant denies the allegations contained in Paragraph 21.

22. Regarding the allegations contained in Paragraph 22, Defendant is without sufficient knowledge or information to admit or deny what Plaintiff's beliefs are. To the extent Defendant is required to answer, it is admitted that most of Defendant's employees receive a salary.

23. With regard to the first sentence of the allegations contained in Paragraph 23, Defendant admits Plaintiff was offered a transfer in October 2016 to SASE's Rockford, Tennessee, office, but denies that Plaintiff was told the position was hers for two years with the option of remaining a third. Plaintiff was specifically told she was an at-will employee and no employment contract exists. With regard to the allegations contained in the second sentence, Defendant admits that Plaintiff accepted a transfer to Rockford, Tennessee, and began work there on February 20, 2017. Regarding the allegations contained in the third sentence of Paragraph 23, Defendant admits it paid the expenses of Plaintiff's move from Kent, Washington to the Rockford, Tennessee area. Defendant admits the allegations contained in the fourth sentence of Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Regarding the allegations contained in the first sentence of Paragraph 25, Defendant is without sufficient knowledge or information to address Plaintiff's alleged "concerns," but denies Plaintiff's characterization of her workload and denies Plaintiff's characterization of Ms. Moore's performance. Defendant denies the remaining allegations of

Page **4** of **11**

Case 3:18-cv-00356-CLC-DCP   Document 9   Filed 11/08/18   Page 4 of 11   PageID #: 25

Paragraph 25.

26. The allegations contained in Paragraphs 26 and 27 of the Complaint are denied.

27. With regard to the allegations contained in the first sentence of Paragraph 28 of the Complaint, Defendant admits that Plaintiff requested a meeting with Mr. Bowlby and Mr. Abrahamson which took place on March 1, 2018. With regard to the second sentence, Defendant is without sufficient knowledge or information to speak to Plaintiff's reasons for requesting the meeting.

28. With regard to the allegations contained in the first sentence in Paragraph 29 of the Complaint, Defendant admits that Plaintiff passed out notes, but denies her characterization of what the notes contained. Defendant denies Plaintiff made any complaint during the March 1 meeting regarding her workload or pay, or that she stated her job needed to be performed by two people. With regard to the allegations contained in the second sentence, Defendant admits that Mr. Abrahamson informed Plaintiff that she was being terminated during the meeting. With regard to the allegations contained in the third sentence, Defendant admits that Mr. Abrahamson believed Plaintiff created a toxic work environment and that it was within his power to terminate her employment. Any allegations contained in Paragraph 29 of the Complaint that contradict or exceed the scope of the foregoing responses are denied.

29. Regarding the allegations contained in Paragraph 30 of the Complaint, Defendant admits that Mr. Abrahamson asked Plaintiff to keep to her 9 A.M. to 5 P.M. schedule, and denies that Plaintiff was required to work outside of those stated hours.

30. The allegations contained in Paragraph 31 of the Complaint are denied.

31. Regarding the allegations contained in Paragraph 32 of the Complaint, Defendant admits,

upon information and belief, that Plaintiff was 70 years old at the time of her discharge. Defendant denies that Plaintiff was replaced by Meghan Moore.

32. Regarding the allegations contained in Paragraph 33 of the Complaint, Defendant denies the allegations contained in the first three sentences. Defendant admits the allegation found in the last sentence of Paragraph 33 of the Complaint.

33. The allegations contained in Paragraphs 34, 35, 36, 37, 38, 39, and 40 of the Complaint are denied.

## VI. CAUSES OF ACTION

### Count 1: Age Discrimination

34. Regarding the allegations contained in Paragraph 41 of the Complaint, Defendant reaffirms and incorporates all of its responses to Paragraphs 1 through 40 as though fully set forth herein.

35. The allegations in Paragraph 42 of the Complaint are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendant denies them.

### Count 2: Violations of the FLSA

36. Regarding the allegations contained in Paragraph 43 of the Complaint, Defendant reaffirms and incorporates all of its responses to Paragraphs 1 through 42 as though fully set forth herein.

37. The allegations contained in Paragraphs 44, 45, 46, and 47 of the Complaint are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendant denies them.

### Count 3: Violation of Tenn. Code Ann. § 50-1-102

38. Regarding the allegations contained in Paragraph 48 of the Complaint, Defendant reaffirms and incorporates all of its responses to Paragraphs 1 through 47 as though fully set forth herein.

39. The allegations contained in Paragraph 49 of the Complaint are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendant denies them.

### Count 4:  Fraudulent and/or Negligent Misrepresentation

40. Regarding the allegations contained in Paragraph 50 of the Complaint, Defendant reaffirms and incorporates all of its responses to Paragraphs 1 through 49 as though fully set forth herein.

41. The allegations in Paragraph 51 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendant denies them.

### Count 5:  Promissory Estoppel and/or Fraud

42. Regarding the allegations in Paragraph 52 of the Complaint, Defendant reaffirms and incorporates all of its responses to Paragraphs 1 through 51 as though fully set forth herein.

43. The allegations in Paragraphs 53 and 54 of the Complaint are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendant denies them.

## V. PRAYER FOR RELIEF

44. The mis-numbered Paragraph 57 of the Complaint is a prayer for relief requiring neither an admission nor a denial by the Defendant. To the extent the prayer for relief seeks to create an inference that Defendant engaged in unlawful conduct or that Plaintiff is entitled to any remedy or relief, Defendant denies that Plaintiff is entitled to any of the relief sought therein or that Defendant is liable to Plaintiff to any extent whatsoever.

45. To the extent that a claim for punitive damages is sent to the jury, Defendant demands that the claims of liability and punitive damages be bifurcated.

46. Defendant does not contest that Plaintiff is entitled to a jury. Defendant demands the largest number of jurors to be empaneled as permitted by law.

47. All allegations in Plaintiff's Complaint not expressly admitted above are hereby denied.

## ADDITIONAL DEFENSES AND AFFIRMATIVE DEFENSES

In further answer and response to the Complaint, and as separate and distinctive affirmative defenses or other defenses, Defendant alleges that each of the following is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Without admitting or suggesting that it bears the burden of proof on any of the following issues, Defendant asserts the following additional and affirmative defenses to Plaintiff's Complaint:

## FIRST DEFENSE

Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations to the extent that Plaintiff relies on actions or omissions that occurred outside the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims may be barred by the doctrines of laches, unclean hands, and/or waiver.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel based on evidence that Plaintiff concealed her alleged after-hours work or manipulated her duties so that they fell outside her prescribed work period.

## FIFTH DEFENSE

To the extent Plaintiff has failed to take reasonable steps to mitigate her alleged damages, any claim for monetary relief must be reduced in an amount equal to the amount of damages that could have been avoided.

## SIXTH DEFENSE

Any claim for monetary relief by the Plaintiff must be reduced, denied, or offset in an amount equal to Plaintiff's interim earnings; by any amounts Plaintiff would have earned with reasonable diligence; or by Plaintiff's failure or refusal, for whatever reason, to be available for work after the termination of her employment with Defendant.

## SEVENTH DEFENSE

In the event that Defendant discovers or otherwise learns of evidence to which the "after-acquired" evidence doctrine applies, Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

## EIGHTH DEFENSE

Plaintiff has not alleged any basis for the imposition of punitive damages in this case. Unless Plaintiff demonstrates Defendant's alleged liability for the punitive damages and the appropriate amount of punitive damage by clear and convincing evidence, any award of punitive damages would violate various provisions of the United States Constitution and Tennessee law.

## NINTH DEFENSE

Plaintiff's Complaint may be barred by additional affirmative or other defenses, including those contemplated by Federal Rule of Civil Procedure 8, which cannot be determined at this time without the benefit of discovery. Defendant therefore reserves the right, subject to the Court's approval, to amend this Answer and plead additional defenses at the conclusion of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant hereby requests that the Court enter an Order:

(a) dismissing the Complaint in its entirety, with prejudice, and enter judgment in Defendant's favor;

(b) awarding Defendant its attorney's fees, discretionary costs, costs, and expenses; and

(c) awarding Defendant any other relief the Court deems just and appropriate.

Respectfully submitted,

s/ Charles K. Grant
Charles K. Grant, No. 017081
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 1000
Nashville, Tennessee 37201
(615) 726-5600 (telephone)
(615) 726-0464 (facsimile)

*Attorney for Defendant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of November, 2018, a copy of the foregoing document was served via U.S. Mail on:

Paulette Myers James
PO Box 1071
Sumner, WA 98390
    and
6709 47th Street Ct W
University Place, WA 98466

s/ Charles K. Grant
Charles K. Grant

Page **11** of **11**

Case 3:18-cv-00356-CLC-DCP   Document 9   Filed 11/08/18   Page 11 of 11   PageID #: 32